**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Sergio Ivan Hernandez-Teco,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-04304-PHX-DWL

**ORDER**

On May 11, 2026, Petitioner—acting pro se—filed a habeas petition under 28 U.S.C. § 2241 challenging the legality of his immigration detention and seeking a bond hearing. *See Hernandez-Teco v. Unknown Party*, No. 2:26-cv-03310-DWL-MTM, Doc. 1.

On June 18, 2026, Petitioner—through counsel—initiated this § 2241 action. (Doc. 1.) As in the first action, Petitioner challenges the legality of his immigration detention and seeks a bond hearing. (*Id.*)

On June 24, 2026 order, the Court granted the first § 2241 petition to the extent it sought a bond hearing. *See Hernandez-Teco v. Unknown Party*, No. 2:26-cv-03310-DWL-MTM, Doc. 14.

On June 26, 2026, Respondents filed a response to the petition in this action. (Doc. 6.) The response reads: "Respondents move to dismiss this Petition as Petitioner has already filed a prior Petition for Writ of Habeas Corpus addressing the same issues and the court ordered a bond hearing." (Doc. 6.)

On June 30, 2026, the bond hearing took place. *See Hernandez-Teco v. Rokosky*, No. 2:26-cv-04664-DWL, Doc. 6-1. The immigration judge ("IJ") denied bond on the ground that Petitioner "failed to meet his burden of proving that he is not a flight risk if release on bond." *Id.*

Given these developments, the Court agrees with Respondents that the § 2241 petition in this action should be dismissed as moot. It seeks the same relief that Petitioner sought in his first § 2241 proceeding (i.e., a bond hearing), and Petitioner has now received that relief. Moreover, Petitioner has acknowledged in a filing in a related case that he asked his counsel in this matter to voluntarily dismiss his petition, only for counsel to refuse to act due to a fee-related disagreement. *See Hernandez-Teco v. Rokosky*, No. 2:26-cv-04664-DWL, Doc. 7 at 3.

Accordingly,

**IT IS ORDERED** that:

1. The § 2241 petition (Doc. 1) is **dismissed as moot**.
2. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 12th day of November, 2026.

Dominic W. Lanza
United States District Judge